# STATE OF MICHIGAN

# COURT OF APPEALS

---

APOSTOLOS PAUL MARGARIS,

      Plaintiff-Appellant,

v

GENESEE COUNTY, CHRISTOPHER
SWANSON, and SHERIFF ROBERT PICKELL,

      Defendants-Appellees,

and

STARLITE DINER, INC., and KOSTA POPOFF,

      Defendants.

FOR PUBLICATION
May 3, 2018

No. 337771
Genesee Circuit Court
LC No. 15-105802-CZ

---

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

O'CONNELL, J. (*concurring*).

I concur with the majority's resolution of this case and its reasons for doing so, but I write separately to clarify the scope of governmental immunity.

The law of governmental immunity has gone through a whirlwind and now requires clarification. Governmental immunity is a characteristic of government that protects the government from liability and the expense of litigation. *Odom v Wayne Co*, 482 Mich 459, 478; 760 NW2d 217 (2008). A plaintiff must plead in avoidance of governmental immunity, specifically stating the statutory language in which the government has waived its sovereign immunity. *Id*. at 478-479. This has been the law dating back to our English heritage. It must be emphasized that the concept of governmental immunity, under current law, is not recognized as a defense, nor is it a defense to a cause of action. Rather, governmental immunity is a characteristic of government, and a plaintiff cannot sue the government unless it has waived its immunity and granted permission to be sued.

Nonetheless, the characterization of governmental immunity as an affirmative defense is a common refrain for those who seek to bypass governmental immunity. For example, a panel of this Court held that "[g]overnmental immunity is not a defense to a claim brought under the Civil

-1-

Rights Act[1]." *Manning v Hazel Park*, 202 Mich App 685, 699; 509 NW2d 874 (1993). Although unsupported by any meaningful analysis,[2] this conclusory statement has become a generally-accepted legal principle, cited most recently in *Doe v Dep't of Corrections*, ___ Mich App ___; ___ NW2d ____ (2018) (Docket Nos. 332536, 335440, 335527); slip op at 8 (holding that governmental immunity does not bar a claim of discrimination in the provision of a "public service"), citing *In re Bradley Estate*, 494 Mich 367, 393 n 60; 835 NW2d 545 (2013); *Mack v Detroit*, 467 Mich 186, 195; 649 NW2d 47 (2002); *Diamond v Witherspoon*, 265 Mich App 673, 691; 696 NW2d 770 (2005); *Manning v Hazel Park*, 202 Mich App 685; 509 NW2d 874 (1993).

Cases such as *Manning* and *Doe* set a dangerous precedent. The cost to all public service providers, both in their official capacity and in their individual capacity, will be prohibitive. Who among us would serve as public servants knowing that we could be frivolously sued for all of our day-to-day decisions? The aforementioned cases have disturbed the balance between civil rights and governmental rights. Our Supreme Court needs to reexamine the scope of governmental immunity in light of *Doe* and the litany of cases calling governmental immunity an affirmative defense. More importantly, the Supreme Court, or a conflict panel of this Court, needs to reexamine the ipse dixit statement made in *Manning*, 202 Mich App at 699, that "[g]overnmental immunity is not a defense to a claim brought under the Civil Rights Act." See *Mack*, 467 Mich at 197-203 (holding that governmental immunity is not an affirmative defense).

While a bold and unhinged statement that "[g]overnmental immunity is not a defense to a claim brought under the Civil Rights Act" makes a great sound bite and may be well-intentioned, it is contrary to established case law, statutory law, and, for that matter, the common law. I ask that the Supreme Court grant leave and remind this Court that governmental immunity is a characteristic of government and not a defense. In order to institute a cause of action against the state, a plaintiff must plead in avoidance of governmental immunity.

I concur in the majority's well-reasoned decision.

/s/ Peter D. O'Connell

---

[1] Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

[2] This statement in *Manning* is like a quip made at a cocktail party, with no analysis or citation to any authority, and it has been repeated in numerous other cases, including the *Doe* case referenced above.